FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### Western Division

97 JUN -2 PM 1:26

U.S. DISTRICT COURT
N.D. OF ALABAMA

JACQUELINE LUNSFORD, )
    Plaintiff(s); )
     )
-vs.- ) No. CV-95-P-2770-W
     )
ASPLUNDH TREE EXPERT CO., )
    Defendant(s). )

ENTERED

### OPINION      JUN 0 3 1997

The defendant, Asplundh Tree Expert Co. ("Asplundh"), filed a Motion for Partial Summary Judgment that was considered at a prior motion docket. For the following reasons, this motion is due to be GRANTED IN PART and DENIED IN PART.

### Facts[1]

The plaintiff, Jacqueline Lunsford, worked for Asplundh from March, 1982 until November 17, 1993. She began her work as a crewperson in the Tuscaloosa area. While Lunsford was a crewperson, she was told by various foremen that an accident would not have occurred if there had been another man on the crew, that she could not ride in the front of the truck because the foreman's wife would be jealous, and that she could not operate a chain saw. When she became pregnant she was told that she had to take a leave of absence from work or climb the next tree that the lift could not reach. She was not taught how to operate the lift while male employees were taught how to operate the lift. During another pregnancy, she was also forced to climb trees. When she could not climb one, the foreman told her that he would have her pay reduced. When she complained of his behavior, he ignored her and assigned her

---

1. The recitation of "facts" is based upon presented materials viewed in the light most favorable to the plaintiff.



unpleasant tasks. At one point, a general foreman told Lunsford to transfer to a maintenance crew from a tree crew. After the transfer, her pay was reduced. When she complained to the general foreman's supervisor, she was told to complain only to the general foreman. When Lunsford complained to a general foreman that another employee had made sexual advances towards her, she was told "if you can't take the heat, get out of the fire."

In June, 1989, Lunsford filed an EEOC charge alleging discrimination in promotion. In January, 1990, Lunsford was promoted to foreman of a bucket truck crew. After Lunsford became a foreman, Lunsford's general foreman, Rickey Bailey, berated Lunsford for conduct for which he would not admonish a male foreman. When Bailey berated Lunsford, he sometimes used foul language. Bailey told an employee, Morgan Young, in Lunsford's presence that he "ran a chipper like a girl." Bailey made the same statement a couple of times in the course of Lunsford's employment. Bailey assigned Lunsford's crew equipment that she felt was inadequate to perform the necessary work. Other crews with male foremen were assigned replacement parts for their equipment, while Lunsford's crew was not. Lunsford used her personal chain saws and vehicle on the job and does not remember any male foreman needing to do the same. Lunsford's crew was required to cut down difficult trees while crews with male foremen were allowed to call in special crews to handle difficult trees. Lunsford was disciplined more harshly than male employees for losing equipment. Lunsford's crew was the only crew never assigned to over-night storm damage duty. Bailey stated that he never assigned Lunsford's crew to storm damage duty because her husband, also a foreman at Asplundh, was often assigned to storm damage duty and Bailey believed someone needed to stay at home to watch Lunsford's children. Lunsford was also prohibited from carrying job applications on her truck, while Lunsford is not aware of any male

2

foremen who were not permitted to carry applications.

On November 16, 1993, Bailey called Lunsford at home to tell her that she was in trouble and that one of her trucks was going to be taken away from her. He also told her that she would need to meet in the morning with Jimmy Oden, the Supervisor of Transmission and Distribution Line Clearing for Alabama Power Company, for whom Asplundh did work. At the meeting, Oden mentioned customer complaints and complaints about unfinished work and slow work. Lunsford explained each incident. Oden then told her that if Alabama Power received another complaint about her crew she would be terminated. After the meeting, Lunsford asked Bailey why he had not supported her, told him she "couldn't take what he was dishing out anymore," and resigned.

On October 26, 1995, Lunsford filed this complaint, alleging Title VII claims of disparate treatment in promotion, compensation, discipline, and work assignments, disparate impact, hostile environment, constructive discharge, and retaliation. Lunsford has also raised an Equal Pay Act claim.

## Analysis

Asplundh moved for summary judgment on Lunsford's claims of disparate treatment in promotion and compensation, disparate impact, hostile environment, constructive discharge, retaliation, and violation of the Equal Pay Act. Lunsford does not oppose summary judgment on her claims of disparate treatment in promotion and compensation, disparate impact, and violation of the Equal Pay Act.[2/] Therefore Asplundh is due to be granted summary judgment on these

---

2. The court approves the parties' candor in evaluating which claims are appropriate to pursue on summary judgment and which claims are appropriate to concede.

3

claims, and the only claims remaining to be addressed on summary judgment are Lunsford's claims of hostile environment, constructive discharge, and retaliation.

I.   Hostile Environment

To establish a prima facie case of a sexually hostile environment, a plaintiff must show that the "workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) (internal citations and quotations omitted). Although the harassment need not be clearly sexual in nature, Title VII requires that the plaintiff introduce evidence that the harassment would not have occurred but for the plaintiff's gender. *McKinney v. Dole*, 765 F.2d 1129, 1138 (D.C. Cir. 1985). As well, an employer is not liable under Title VII unless the employer knew or should have known that the alleged harassment was occurring and failed to take prompt remedial action. *Steele v. Offshore Shipbuilding, Inc.*, 867 F.2d 1311, 1316 (11th Cir. 1989). Because there exist material issues of fact as to Asplundh's notice of Lunsford's claims of harassment, Lunsford's ability to complain of harassment, whether Lunsford was harassed based on her sex, and whether Lunsford was subjected to harassment sufficiently severe or pervasive to alter the conditions of her employment, Asplundh is not due to be granted summary judgment on Lunsford's claim of a hostile environment.

II.   Constructive Discharge

To demonstrate constructive discharge, a plaintiff must show that her working conditions were so difficult or unpleasant that a reasonable person in her situation would have felt compelled

4

to resign. *Wardell v. School Board of Palm Beach County, Florida*, 786 F.2d 1554, 1557 (11th Cir. 1986). Lunsford has not introduced sufficient evidence to allow a finder of fact to conclude that her working conditions were so intolerable that a reasonable person would have felt compelled to resign. Therefore, Asplundh is due to be granted summary judgment on Lunsford's claim of constructive discharge.

III. Retaliation

To state a prima facie case of retaliation, the plaintiff must show that she engaged in protected activity, was subjected to an adverse employment action subsequent to that activity, and that there was a causal connection between the two. *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913, 919 (11th Cir. 1993). Because Lunsford has introduced no evidence that demonstrates a causal connection between the filing of her EEOC charge in 1989 and any subsequent alleged harassment, Asplundh is due to be granted summary judgment on Lunsford's claim of retaliation.

Dated: May 2, 1997

Chief Judge Sam C. Pointer, Jr.

Service List:
  Ms. Ann C. Robertson
  Ms. Laura M. Hitt
  Mr. William S. Pritchard, III
  Mr. William S. Pritchard, Jr.
  Ms. Nina M. LaFleur
  Ms. Rita L. Hullett